14782

MOORE v. METROPOLITAN LIFE INS. CO.

(199 S. E., 904)

*Messrs. D. M. Winter, Frank L. Taylor* and *E. J. Best,* for appellant, 

*Messrs. Elliott, McLain, Wardlaw & Elliott,* for respondent.

December 5, 1938.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

The sole question for decision is whether the Court below rightly sustained a motion for a nonsuit. The action is for fraud and deceit, and the Court held that there was no testimony to prove the charge.

Damages, actual and punitive, in the sum of $3,000.00 are claimed.

A brief summation of the factual situation, we think, will demonstrate that the trial Judge committed no error in granting a nonsuit.

On April 24, 1936, the appellant made written application to the respondent for a policy of insurance in the sum of $500.00, known as an Industrial Whole Life Policy. The premium payable on this policy amounted to eighty-eight cents per month. With the application she made the initial payment of eighty-eight cents to the agent, and received from him provisional receipt therefor, providing that if a policy should be issued upon the application, the deposit would be applied on the premium. Otherwise the deposit would be returned to the appellant. Upon receipt of this application at the home office it was determined that a physical examination of the appellant would be required. A considerable length of time elapsed before the examination was made, due to the fact that the respondent's medical examiner was absent from Whitmire, appellant's place of residence.

When the examination was made, some time in September, 1937, it was discovered that the appellant was under-

weight. Because of this fact, which was made known to the appellant, the respondent declined to issue the straight life policy, but in lieu of it offered to the appellant what is called an Industrial Endowment Policy, payable on the anniversary of the policy after age 74. This policy provided that should the insured die before reaching age 74 the amount of the policy would be paid to her executor or administrator upon submission of proper proofs. The endowment policy was dated October 1, 1936, required the payment of a monthly premium of $1.11, and insured the life of the appellant in the sum of $500.00. The appellant accepted this policy when it was delivered to her by respondent's agent, and paid him the difference between eighty-eight cents and $1.11, and continued to pay the premium of $1.11 each month through April, 1937.

She testifies that before this policy was issued to her she decided to make application for a twenty-year payment policy instead of the straight life for which she had applied, and so advised respondent's agent, who promised to secure it for her. However, no application in writing was made for it, and he never obtained the policy for her. In March, 1937, respondent's assistant manager, while installing a new collection agent on appellant's route, called at her home and she told him that she desired a twenty-year payment policy. He examined the endowment policy delivered to her, and advised her that the premium she was paying was too much for a straight life policy, but was not enough for a twenty-year pay; that the premium on a policy of the latter type would amount to $1.27 per month. She delivered the endowment policy to him, for which he gave her the company's official receipt, and she says that he promised to obtain for her a twenty-year payment policy. The receipt reads as follows: "Received of Mrs. Moore Policy No. 2289460M, to be sent to her home office for change. H. H. Fuller, 4-2-37."

In due time the endowment policy was returned to the appellant, with the explanation by respondent's agent that

the company would not make the change, on account of her health. The appellant then paid one more month's premium on the endowment policy which had been returned to her, and refused to continue her payments unless the respondent issued to her a twenty-year payment policy. The refusal of the respondent to issue the policy requested is the basis of this action for fraud and deceit.

The appellant introduced in evidence as a part of her proof the endowment policy issued to her, the company's official receipt for this policy when it was delivered for exchange, if exchange could be made for the twenty-year payment policy, and her premium receipt book. And the gravamen of her complaint is fraud and deceit on the part of the respondent for failure to issue to her the twenty-year payment policy. But it is perfectly apparent from her own testimony that she was kept advised at all times: First, that the straight life policy could not be issued because of the fact that she was underweight; and, second, that the twenty-year payment policy could not be issued for the same reason. When the endowment policy was offered in lieu of the straight life policy which was originally applied for, she accepted the substitution. She knew that it was neither a straight life policy nor a twenty-year pay, and she continued to pay the premiums on it from October 1, 1936, to April, 1937.

We agree with the lower Court that no reasonable inference of fraud and deceit arises from the testimony.

The recent case of *Cook v. Metropolitan Life Insurance Company*, 186 S. C., 77, 194 S. E., 636, dealing with the law of fraud and deceit, as applied to a somewhat similar case, does not sustain appellant's contention.

Exceptions overruled.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

Mr. JUSTICE CARTER did not participate on account of illness.